The defense was that the destruction of the house by fire was not a total but a partial loss, and that the defendant company had demanded of the plaintiff an appraisement and a submission to arbitration of the loss, which demand had been refused by the plaintiff.
The jury returned a general verdict for $595. There were no special findings on particular questions of fact.
The defendant filed no motion for a new trial, but filed three other motions, one for judgment non obstante veredicto, one in arrest of judgment and one for judgment.
*186 These motions were overruled by the court and judgment rendered on the verdict in favor of plaintiff.
The contention of the defendant is that under Section 3643, familiarly known as the “Howland Law,” where the policy of insurance contains a clause providing for an appraisement and submission to arbitrators of the loss under the policy, and there is a partial loss, such cause is binding upon the parties; and that as the jury in finding the loss of plaintiff at $595, necessarily must have found there was a partial loss, the defendant was entitled to a verdict, and the court therefore, notwithstanding the verdict in favor of plaintiff, should have entered a judgment for the defendant.
Conceding for the sake of argument that defendant’s construction of Section 3643 is correct, had the court power to ■enter a judgment for the defendant, notwithstanding the verdict for plaintiff? Was not the remedy of plaintiff to have had the verdict set aside on a motion filed for a new trial?
The practice with respect to entering judgments is one that is governed by our civil code, and not by the common law, unless .a contrary rule clearly appears, because the code has abolished the distinction between actions at law and suits in equity so far as relates either to name or form; and there has been substituted for them what is called a civil action. Kloune v. Bradstreet, 7 O. S., 325; Culver v. Rodgers, 33 O. S., 587.
Our code does not in express terms refer to the judgment non obstante veredicto, and even at common law it could be entered only on behalf of the plaintiff. The remedy for the defendant was to have the judgment arrested. Buckingham, v. McCracken, 2 O. S., 294.
But while a motion in arrest of judgment is recognized in our code of criminal procedure, there is no express recognition of it in our code of civil procedure.
We must turn therefore to the provisions of the code of civil procedure to learn what the powers of courts, with respect to •entering up judgments, are in eases in which there has been a verdict of a jury.
Section 5326 provides that—
*187 “When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court order the case to be reserved for future argument or consideration.”
In this case the clerk did not enter a judgment in conformity to the verdict, and made no entry of any kind; nor so far as the journal entry shows did “the court order the case to be reserved for future argument or consideration.”
With such a condition of the record, the question at once suggests itself whether the plaintiff was not entitled to have the clerk enter a judgment on the record and therefore to have the three motions filed by defendant overruled?
But I do not find it necessary to express an opinion upon this question.
Section 5327 provides that—
“When the verdict is special, or when there is a special finding on particular questions of fact, or when the case is reserved, the court shall order what judgment shall be rendered.”
The record in this case shows that the verdict in this case was not special; that there was no special finding on particular questions of fact, and that the ease was not reserved by the court.
But even if the case had been reserved by the court (which would be a reservation as provided for in Section 5326), it will be seen from Section 5328 that no authority would be given to it to enter a judgment for the defendant.
Section 5328 provides that—
“When, upon the statements in the proceedings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party.”
The only authority granted by this section to enter a verdict in favor of a party against whom a verdict has been rendered is in the case in which it appears from the pleadings that the party against whom the verdict was rendered was entitled to a verdict in his favor.
The ease at bar does not fall within this class of cases, because on the pleadings the defendant is not entitled to the verdict.
Johnson <& Levy, for plaintiff.
W. A. Hicks, for defendant.
This section has been construed by the Supreme Court to mean-only what it says and nothing more, and consequently it was held in Challen v. Cincinnati, 40 O. S., 113:
“An admission made during the jury trial not incorporated into a pleading was only a part of the evidence and has no part in the record except in a bill of exceptions. Hence, the statement on the journal must be disregarded. On such a motion (for judgment for the defendant) the court could look only at the pleadings.”
It is contended by the defendant'that as the jury could not have returned the verdict they did without finding necessarily that the loss had only been partial, the verdict was in effect a special finding of fact, and such special finding must control the verdict in obedience to the requirement' of Section 5302, which declares that—
“When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly.”
But the special finding of fact referred to in this section is the special finding provided for in the preceding Section 5201, which is a'finding made by the jury “when requested by either party to find specially upon particular questions of fact to be stated in writing.”
No such special finding was made in this case, and no such special finding therefore was made which has the effect of controlling the general verdict as is provided in Section 5202.
From the above examination of the section of the statute bearing upon the question here raised, it seems to me that there are only two cases in which a judgment may be entered for one party in the event of the verdict having been rendered in favor of the other party. Those two cases are the ones provided for in Section 5202 and Section 5328, and as this case does not fall within either section, the remedy defendant had was to file a motion for a new trial, and having failed to do that, he lost his remedy,-and the judgment should have been entered for the plaintiff on the verdict as was done.
The judgment of the court below should be affirmed.